May it please the Court, this case has been fully briefed and appellants are not here to rehash all they have said in their brief but to make clear their arguments. Appellants are here today to pray this Honorable Court, to revise the lower court and to determine the right interpretation for this circuit on the issue of Section 203M of the FLSA. Appellants, in this case, recognize that the court below is wrong because Section 206 applies to every employer, all employers in the United States. Regarding the minimum wage. And that requirement, it's a duty to individual employees as opposed to collectively. In other words, Section 206 does not look at a collective, you know, the whole, it's an individual basis. Employers whose employees do not receive tips, do not honor the act, have the kind of assistance the act has provided employers like a police, i.e., the opportunity to make up the minimum wage requirement on that Section 206 with employees, part of employees' tips if they do decide to take tip credit. But, as I understand it, you do not, there is no argument here that the amount received by the appellants falls under the minimum wage, is there? No, Your Honor. And that goes, it does go back to a procedural question that I have. It appears to me, and please explain to me why I'm wrong, that Section 216B of the Fair Labor Standards Act creates a private right of action in employees only with respect to violations of the minimum wage provision, 206, which you've referred to, or the overtime pay provisions. So, can you help me understand, or perhaps cite me to authority that explains why there is a private cost of action in employees who make more than the minimum wage? I'll do that, Your Honor. And this is part of the argument I was just making initially. Because the reason why the lower court and so many of the courts that have ruled on this issue have taken the time is because they're reading Section 206, the minimum wage provision, and Section 203 disjunctively. And we believe it should be read together. Because of the argument I just made that this act, the minimum wage requirement, it's for everybody. The only difference is, the only difference is, the Congress said if employers like a police, restaurants and hotels, where they have employees who are tipped by, you know, we, the people who use their services, can make extra money. If they want to use part of that tip as part of their wages, they should be able to take some of it. Otherwise, without that, they fall in the same position with every other employer in the United States. And, you know, why would that law treat them differently? You want to divorce part of the statute from the tip credit, isn't that correct? You don't say that, you say part of the statute isn't effective only if there's a tip credit at play. In other words, somebody getting less than minimum wage. That's your argument, isn't it? My argument is- I say, is that your argument? That you have to remove, you just see that as a freestanding provision that creates a right. It has nothing to do with minimum wage. Is that right? No, Your Honor. That's not quite what I'm saying. What I'm saying is, if you read it together, then you-because let's just take, for example- Let me say this. Yeah. We have a cardinal rule when we look at the meaning of words in the statute that we put it within the context of the statute. Yes. Why then, if you consider that basic rule, why then, as Judge Duncan has asked, why does this have to do with anything other than impacting minimum wage? It has to do with impacting minimum wage. That's true. And that's where I'm making my argument. All the employers who do not have employees that get tips, if every employer in the United States had no employees that take tips, Section 203M, or 3M as we call it, would not be relevant in any sense. But because that was a specific, special treatment given to employees or employers who have employees- Who take the tip credit. Yes. Yes. But the tip credit becomes relevant only where the employee gets tips. If the employee doesn't even get tips- Yeah, but there are two ways that employees can get tips, I think, maybe several more. But one is when the tips are used to make up for the employee not otherwise getting minimum wage. And sometimes employees who get minimum wage still get tips. And so I'm trying to figure out how this language covers the second situation. Yes, Your Honor. The issue of Section 203M, which we have here, is I'm not arguing here that the employer cannot take part of employees' tips. But the point is the Act specifically says gives a situation where an employer can take those tips if there is an agreement. I'm sorry. You're saying that the requirements that- Are you referring to the Department of Labor regulations that require the consent of the employees? Yes, Your Honor. It's even on the Act itself. It says if an employer will take a tip, it has to let the employees know. But if it doesn't, the other situation where the two situations, you let the employees know and agree to it, and the second situation is where there is a pooling agreement whereby all the tip employees agree within themselves that we would have a bucket, a pool, where we put all our tips, and then you can use it to share. What happened in this case is that the employees here, the employer, took tips from my clients and gave it to other workers who never put any dime into the pocket. So, in other words, my clients gave money to the other clients from their tip, which they received individually. And they didn't get anything back from the other- Yes, Your Honor. I'm sorry. Could I just ask, are there cases on which you rely to support your argument? Here's the problem. There hasn't been a lot of decisions. In fact, it's the whole thing, and this is one of the key things we were hoping that this court would make some pronouncement for the circuit, because all the cases and all the authorities that has gone through this have, you know, come from the Ninth Circuit, and so that's the issue. But we strongly, strongly believe that the reading of these provisions of the FLSA disjunctively does no good to the intention of Congress. One of the arguments that- I'm sorry, counsel. Can I just, very quickly, because I know you're running out of time, just to go back to Judge Duncan's very first question about your private cause of action. So I think I understand your argument for why, you know, your position is that 3M would apply in a situation like this. But in terms of the private cause of action, right, all you can sue for is unpaid minimum wage. Those would be the damages you would get. So what exactly- I mean, how would you- what are you asking for? If your client- But I'm not agreeing with that analysis, Your Honor. It's not an analysis. It's what the statute says, that you're- I'm not talking about the substance of your argument. I'm talking about the cause of action, 216. It says it's a cause of action for unpaid minimum wage. So what- I mean, I guess I'm asking you, how would you calculate your damages? What is the amount of unpaid minimum wage in your case? I don't think- I don't read that section that way, Your Honor, because- and my argument goes to the same thing, because reading it that way is just reading, you know, if Congress did not want or didn't think, you know, there would be an issue regarding tip credit, why would it make 203M? Then it becomes redundant. They may have had in mind the Department of Labor could bring some kind of an injunctive enforcement action, but that's a separate question. Whether there's been a violation is a separate question from whether there's a private cause of action that would allow your clients to get damages. And the statute says, right, that the employer is liable for unpaid minimum wages, the amount of unpaid minimum wages. And I'm just asking you, what will you ask for? What's that number in your case? What we're going to be asking for is the fact that the tips this, you know, employees got does not belong to the employer. They shouldn't have taken it. That's our issue here. And we believe that Section 206 and 203M work together because otherwise, I mean, we were saying here, you know, otherwise we're saying Congress, you know, wasn't thinking on Section 203M is just, you know, redundant, and I don't believe that. Was your argument based on the fact Congress is not thinking? You may have just found a strong point of your argument. But you see it as a freestanding provision, don't you? You think this provision that you're hoping to win under, it's not in any way limited or linked to minimum wage? No, because that's not the issue. And the way it connects to 206 is, and I'm trying to say here is, for, you know, your Honor to see where I'm coming from, that the Act itself did not give any particular set of employers, you know, excuse to take money because the tips issue arises because. Let me ask you this. I think we probably all understand your argument. What is the strongest argument you have that that statutory language is not limited to cases involving failure to pay minimum wage? It looks like it may be limited just to cases where minimum wages have not been paid. Is there a one-sentence answer you can give me on why that would be wrong? Can I ask your Honor a question? No, you can't ask. You get to ask ours. I can't watch this do. You can keep mine in mind. You've saved some time, and you can think about that. We'll call you back up. Okay? All right, Your Honor. Thank you very much. Thank you. Thank you. Mr. Waxman. And you may not ask us questions either, Mr. Waxman. I promise I will not. Thank you, Your Honor. May it please the Court, my name is Josh Waxman, and I'm arguing here today on behalf of Marriott International. I'm also arguing in the place of my colleague, David Jordan, who was planning to argue this morning, but unfortunately he was delayed in Houston due to weather and was not able to arrive. So I'm filling in for him today. Your Honor, the district court's decision below should be affirmed because plaintiffs have not brought a claim under the FLSA, Maryland state law, or for breach of contract. Do we have to – are the latter two arguments before us? Well, we don't believe so, Your Honor. We don't believe that plaintiffs have taken issue with the district court's determination concerning the fact that they have not alleged futility and that they have also not addressed the fact that they conceded an oral argument that tips were not wages. I believe if those arguments were before you, I believe that the district court got it right on both those points, but I believe for the reasons I just stated, those issues are not before you, and plaintiffs have not addressed that in either their opening or their reply brief. So unless there are other questions about those claims, I'll begin with the FLSA because it's our view – How do you respond to counsel's argument that this provision is divorced from minimum wage requirements? Well, I think counsel – I think that's the argument she made. I think it is, Your Honor. I think what counsel said, and I noted it here, counsel noted when describing how this provision works, counsel just said if they want to take tips to pay plaintiffs minimum wage, they can. Otherwise, they need to pay minimum wage. And it seems to be that really is what 3N is all about. I think her argument is it doesn't make any difference about minimum wage that tips belong to the employees and that the employer, just as a freestanding rule, cannot take them. Well, I believe there's no statutory support for that position under the FLSA. As Judge Harris noted, in order to bring a cause of action here under the FLSA, the FLSA only provides for recovery of minimum wage under 206 or overtime under 207. They have conceded that they are not owed minimum wage. They're not owed overtime. They've conceded that my client did not take a tip credit. So we believe that Section 3M on its face does not apply. Those are two different arguments, right? I mean, the point I was trying to make was that there may not be a private cause of action here, but that's separate from whether there's been a violation that might be subject to, say, some kind of administrative enforcement action. Well, certainly I believe that could be the case. I believe my client would not be subject to an administrative action based upon what had happened in the Oregon case. Right, but that's not what we have to determine. No, absolutely not. What we're confronted with here is not an administrative enforcement action. So the substantive argument is not teed up for us. Exactly. So plaintiffs who are private parties, as you noted, Judge, I don't believe have a cause of action under the FLSA. And the Department of Labor, in their brief for this act, I think laid out quite clearly. They said the DOL is constrained to point out that because plaintiffs are not pursuing minimum wage or overtime claims but instead seek only to collect improperly withheld tips, they do not have a cause of action under the FLSA. There is no cause of action under 216B for a freestanding tip claim under 203A that is divorced from a minimum wage claim or an overtime claim. This case is not a proper vehicle for resolution of that issue. Looking at that language of the statute that we're looking at, what is your strongest argument that it is tied to a minimum wage violation? Do you understand my question? Yes. Yes, Your Honor. This is how I see it. She thinks, opposing counsel thinks it's a broad-based right that really is divorced and removed from the statute. You think, others have said, but you think it is a right if it exists in the right situations that's limited to this statute. Yes. What's your strongest statutory argument for that position? Yes, Your Honor. Section 203M is in the definition section of the FLSA. It is not a provision setting forth a cause of action or any other substantive right. As I believe ten courts have determined at this point with no authority going the other way, they have determined that Section 3M is linked and is applicable only with respect to employers who take a tip credit. Why is that so? Because of the third sentence in 3M where the statute is written with conditional language. It says here, the preceding two sentences shall not apply with respect to any tipped employee unless such employee has been informed by the provisions of this subsection and the tips received by the employee have been retained by the employee. That section is linked directly to the tip credit provision. And it's conditional. It's not required. It only applies, and therefore 3M only applies, when an employer takes the tip credit. Can I ask you a question? And this really does puzzle me. So as I read the statute, or 3M, the first section, 3M1, seems to be a statutory requirement that the employer always has to kick in some amount of sort of a cash minimum wage. The employer's direct contribution can never be zero. It used to have to be 50% of the minimum wage. Now it has to be $2.13. So isn't the concern that an employer could evade that number one simply by saying, oh, I'm not taking the tip credit, taking all of the employee's tips and then giving them back the minimum wage right out of their tips without ever paying their fair share, that Clause 1 share? Well, I thought that's what Department of Labor is saying, that you need that there's a clear statutory command that the employer's contribution pre-tip can never be zero and that that can be easily evaded if an employer can just say, oh, I'm not taking the tip credit. It's just that I'm taking all the money and using it to pay the minimum wage. Yes, Judge Harris, I believe that is what the Department of Labor has argued, but ten courts have rejected that argument, and what they have said is that if Congress had intended or wanted to make it clear that there was a property right to the tips by employees. I'm not saying that. I'm saying what they made clear was that the employer's contribution can never be zero. Let's just put it that way, sort of vernacularly, and that is clear. And Department of Labor's concern is that unless you apply the rules about tip pooling and all of that to everybody, that is just too easy to evade, right? Like I used to wait tables, so the employer would say, I'm not taking the tip credit. Pam, I need all your tips, and then he would just deal out to me $5.15 or whatever it is, and that would be in violation of subsection 1. Well, again, I think that is premised on the notion that somehow the tips are the employee's property and that somehow you're taking tips from the employee. The employer is taking them. What I'm saying is now the employer has not paid his $2.13 of sort of cash pre-tip wages. But why has the employer not? The assumption in your question, I believe, is that the tips don't belong to the employer to begin with, that they belong to the employee, and when the employer uses the tips to pay, somehow he is evading the statute. Why did Congress put in that subsection 1? That, to me, looks like Congress had in mind, and there is legislative history to support this, right, that the employer was supposed to pay some portion of the minimum wage pre-tip. Otherwise, what is section 1 doing there? What section 1 is stating is that the employer who has a tipped employee must pay the minimum wage, and the employer can get to the minimum wage one of two ways. It can pay the full minimum wage, or if it has a tipped employee, it may take a tip credit and pay a certain amount of the minimum wage in addition to that. And here we don't address that issue because they have conceded that they have received the full minimum wage. Oh, I agree that it's not really relevant in this case because the employer is paying, but I'm just trying to understand why your reading of the statute does justice to that sort of subsection 1. Well, I believe that you need to read subsection 1 in connection with the rest of the statute because, in fact, the rest of the statute says that the preceding two sentences shall not apply unless the employer takes a tip credit. So the statute itself says you don't need to read that prior sentence if the employer is not taking the tip credit. Let me just ask you one other question in terms of the case law. There is this old Fourth Circuit case, right, that Department of Labor cited when it published its regulation as supporting Department of Labor's view, and it does seem to. It's a Marriott case, so Richard v. Marriott, and I know nobody briefed it, and it is sort of old, but Department of Labor does rely on it in publishing its regulation, and it does seem to say that you can't really read this so that an employer who sort of disavows the tip credit is suddenly able to use tips to pay all of the minimum wage instead of only half of it. Your Honor, I believe that, first of all, I'll make clear the regulations are not at issue in this case either. Plaintiffs have disclaimed reliance on the regulations below, page 99 of the appendix. I'm just trying to explain where I got the case. No, I understand. I just wanted to make that clear. To the extent that the Department of Labor is seeking to rely on that argument, that somehow it is an evasion argument, there is prior authority that Your Honor has just referenced. However, all of the courts that have addressed that issue recently have all agreed that Section 3M does not provide the Department of Labor with the authority to brief. We're in the Fourth Circuit. It's the Fourth Circuit case that's most important to us, right? I would agree, Your Honor. I apologize. I don't have that case in front of me right now. I'd be happy to look at it and address it. By the way, the third sentence doesn't say anything about taking the tip credit, though. It just says the preceding two sentences shall not apply with respect to any tipped employee unless such employee has been informed. It doesn't say anything about you can't take a tip credit unless . . . Every court that . . . No, no, no. Do you say it says that in the words of the statute? I believe that every court that has interpreted the statute has . . . I didn't ask you that. I asked you what you say. Yes. Can you point me to the language that makes that absolutely clear, that this, in and of its wording, refers only to a tip credit in the wording of this provision? Yes. Your Honor, if you look at the . . . It says the preceding two sentences shall not apply unless there is an employee being given notice of the subsection or being able to keep all their tips. What the preceding two sentences include, which is the first sentence above here, the first sentence provides that you can meet the minimum wage by paying a wage of $2.13 and also taking a tip credit. So what . . . So that is where the reference is to the tip credit. It is in Section 2. It's a general reference, but it doesn't say that directly, does it? It doesn't use the words tip credit, Your Honor, but that is what Section 2 here is referring to. Do you think it's written explicitly or is it just implicit from the language? I believe it's written explicitly because it is actually referring to the fact that you can take tips and essentially the language here doesn't use the word credit, but it says you can subtract the wage that you're paying, which is $2.13 in Section 1, and subtract that from the minimum wage and use the tips to apply that. They're not using the word credit, but I believe the plain meaning of that language is that it is a tip credit. But it doesn't say to take a credit in Sentence 3, does it? It doesn't use the word credit, Your Honor. I concede that, but I believe that without using that word, that's what it means. I know that, but so do you think it's explicit or implicit? I believe you wouldn't have to use the word credit to reach where you would need to go. I didn't ask you. I didn't ask you if you think it's explicit or implicit. I believe it is explicit that it is referring to the tip credit there. If I thought it was implicit, what would your argument be that this is not divorced from the statute itself? I believe that if it is implicit, I believe that – I just wanted to make sure you had a statutory argument. Yeah. If it's implicit, then how do you argue to us? I'm not saying you're wrong, but how do you argue to us that we read it the way you want us to read it? That this, in other words, that this applies, this limitation on what you can do with tips applies only as to minimum wage issues. Well, I believe it is implicit because the statute only provides for a minimum wage or overtime claim, and you would not be able to bring any other claimer to the FLSA. And when it is referring to how you can meet the minimum wage here, it must be referring to the tip credit provision in Section 2 because there's no other possible claim or other possible remedy under the FLSA. It can only be minimum wage or overtime. I know that, but let me be clear about this. That's not my question of – my question is why then don't you just divorce that language from the FLSA and see it as a freestanding right not related in any way to minimum wage? I understand the argument if it's limited to minimum wage, if you think that language only applies within the context of FLSA, but I think the other side's argument is not that. The other side's argument is that language is not limited to this statute. If it's limited to the statute, then the question Judge Harris asked makes sense and supports you because it's for unpaid wages. But how do we – I'm just asking you, how do we know you should not divorce any right under this provision from the FLSA? Well, I think, Your Honor, I think if you look at the way the statute is written, this provision is in the definition section to begin with. There's no indication in the definition section that it provides a separate right or a separate ability to be enforced. The FLSA is very clear, Congress is very clear, as to what rights private litigants could enforce under the FLSA. There's no indication, explicit, implicit, or otherwise, that there is a private right to enforce Section 3M, and I don't believe any court has found one. I think the essence of the argument that plaintiffs are making here is that – Let me just say this. You've made arguments in your brief and we've read them. Is there anything else you'd like to add? No, Your Honor. If this was other questions, I would – We don't have any other questions. Okay. I'll turn it over to Mr. Johns then. Thank you very much. Thank you very much. Mr. Johns. Good morning, Your Honors. It may please the Court. My name is Daniel Johns and I represent – I'm in hospitality on this matter. On behalf of my client, I would like to incorporate the arguments that Mr. Waxman made on behalf of Marriott. I think they apply equally here. And I really only want to emphasize one point, which I think has been made and which the panel understands, and that is that we're here based on an FLSA claim that was dismissed. It is very clear based on the briefing that there is no overtime or minimum wage claim being brought in this action. So is your argument ditto? Is that your argument? I would like to think it was more eloquent than that, but that's exactly right. Okay. So with that, there is no claim. I'll give you time to make your strongest points you want to make. No, no. Essentially, but that's it, Your Honor. It's that you leave the statutory stuff out, which is very interesting and which I agree with Mr. Waxman, but why we're here is a private right of action brought under the FLSA. If there is no overtime, if there is no minimum wage claim, and that has been conceded throughout this, that's all you need to affirm the district court. Why do you make that up? It's the same question I asked him then. Why do you make that argument? What's your strongest argument based on the language itself and its position in this law? What's your strongest argument that it's related only that it's not freestanding, which I understand the other side to be arguing, which I may be wrong, but I understand them to be arguing that it's a right that's lifted out of that statute and it's divorced from any question of minimum wage or overtime. What's your strongest argument that that's not correct? Our strongest argument is similar to what Mr. Waxman said, which is this language comes in in a definitional section related to wages. The relation to wages is solely to determine whether or not the employer has complied with the minimum wage requirements under the Act. And I would quote, and once you look at it like that, it has to apply to the tip credit because there's nothing else. So you wouldn't have the same argument if it were not in the definitional section? I think it would be a different argument. We would be probably more reliant just on the fact that this is a, whether there's a private right of action and you have to look solely at that provision. But where it's located, you can really only go back to the statute, and I would like to quote the Ninth Circuit in the Woody Woo case. You don't have to quote too much. But essentially it says. You are now beginning to see the wisdom of stopping with ditto. Your Honor, at some point I realized in my career that sometimes I was best serving my client by being quiet and not talking. But I lured you in. Yeah, that's right. Anything else you want to add? No, unless there are other questions. Okay. Thank you very much. Thank you, Your Honor. Ms. Swift, you have retained some time. Your Honor, I want to thank Judge Harris. I'm sorry. I want to thank Judge Harris for, you know, kind of, you know, raising my issue too. One of the arguments we made in our briefs and in all, you know, our papers so far is our claim that the appellees are taking tip credits by the back door. And it goes to what you were saying because you can just say, I don't take tip credit. What do they do with this money? They give it as wages to the other people. Even though it's more than the minimum wage. But that's not what Congress says they should do. Okay. So for taking this money and they said, no, we don't take tip credit. But you take your employees' money and give it as part of wage to pay the other people. Now, another argument they're making is that Section 203M is definitional. It has no basis. Yet they make the argument in all their briefs and papers that, oh, it doesn't prevent them. So when it sued them, they said it applies to us, but it doesn't, it's definitional. It's okay, but it doesn't apply to us. The main fact that they're taking tips from the employees and saying that Section 203 doesn't apply to them and come back and say it's definitional, it has no basis. Let me ask you this. Yes, Your Honor. Show me the exact words. Can you just tell me the exact words of this provision that you think have been violated? Yes, Your Honor. What would that be? It would be after 1-2. First of all, you know. First of all, if you would help me. Okay. I'm trying to. No, no, wait. You have to wait until we finish the question. Sorry, Your Honor. I want you to point to me. Sure. I want you to point to me to the exact language that you think has been violated in this case. Okay. In 3M, I think. Yes, it's in 3M. It said, in determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to, one, the cash wage paid such employee, which for purposes of such determination, shall be not less than the cash wage required to be paid such an employee on August 20, 1996. Two, an additional amount on account of the tips received by such employee, which amount is equal to the difference between the wage specified in Paragraph 1 and the wage in effect under Section 206A. I need for you just to read it to me. I just look. Yeah. Is there a passage? Just wait. Can you point me to five or six words, eight words as you say this was violated in this case? Yes. They violated where it says, and all tips received by employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pulling of tips among employees who customarily and regularly receive tips. Because the crux of our case is they did not apply this rule. There was no tip credit. Even some of the cases, for example, the Kumbi and Wodewu case, the employees in that case had agreed that they're going to put their tips together. So in this case, there was no such agreement. My clients were the employees that were not even told anything about what was going to happen. It just came out of there. So we're saying that Section 203M was violated. Here you are. Although the first part of that sentence makes it clear that it refers back to the first two provisions of 3M, that those sentences don't apply, referring back to the tip credit. I don't think that's what it's referring to. It says the preceding two sentences shall not apply. Yes. The ones that you started reading. Yes, Your Honor. And the meaning of that, as we understand it now, we think correctly, is the two preceding sentences shall not apply with respect to any tipped employee unless such employee has been informed. That's when you take tip credit. The issue here we're fighting is the defendant or police are arguing that because they did not take tip credit, they can take the money. And we are saying the act does not give them that permission because otherwise, the only reason why Section 203M is there is to assist employers like a police where they have tip employees who get extra money from customers. But let me ask you this. Isn't there a difference between whether the statute authorizes them to do something and whether or not the statute prohibits them from doing something? Your Honor, that's a good question. Thank you. And that's one of the arguments they present, which we said has no basis, too, because Congress expressly in Section 203M or even in anywhere say that, you know, employers who do not take tips cannot use the tips. And we argue that we as well can make the same argument, the flip argument that because Congress didn't say it expressly, they have no right to take the tips from the employees. Thank you, Your Honor. All right. Thank you very much. Thank you. We will step down and greet counsel and go directly to the next argument.
judges: Dennis W. Shedd, Allyson K. Duncan, Pamela A. Harris